# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

PRESTON NORTHCRAFT,   )
             )
    **Plaintiff,**   )
             )
**v.**           )   **Case No. CIV-16-1476-R**
             )
**NANCY A. BERRYHILL,**   )
**Acting Commissioner of the Social** )
**Security Administration,**   )
             )
    **Defendant.**   )

## ORDER

Plaintiff filed this action seeking a judicial review of the decision of the Commissioner denying his applications for disability insurance benefits, a period of disability, and supplemental security income benefits. Pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), the matter was referred to United States Magistrate Judge Gary M. Purcell for preliminary review. On January 5, 2018, Judge Purcell issued a Report and Recommendation wherein he recommended the Court affirm the decision of the Commissioner. The matter is currently before the Court on Plaintiff's timely objection to the Report and Recommendation, which gives rise to this Court's obligation to conduct a de novo review of those portions of the Report and Recommendation to which Plaintiff makes specific objection. Having conducted this de novo review, the Court finds as follows. [1]

---

[1] The Court will address the issues in the order presented by Plaintiff's objection, which does not track the order the issues were addressed in the Report and Recommendation.

Plaintiff's first contention is that the administrative law judge failed to resolve a conflict between the vocational expert's ("VE") testimony and the Dictionary of Occupational Titles. Judge Purcell concurred that one of the jobs identified by the VE and adopted by the administrative law judge exceeds the scope of Plaintiff's residual functional capacity, as identified by the administrative law judge. Judge Purell concluded any error by the administrative law judge was harmless, however, because the other two jobs identified by the VE and adopted by the administrative law judge, janitor and groundskeeper, exist in significant numbers because there are 360,000 janitors working at night jobs and 270,000 groundskeeper jobs in the national economy. Plaintiff contends the finding of numerical significance must be made in the first instance at the administrative level, and therefore the matter must be remanded to the Commissioner for this finding.

The Court disagrees with Plaintiff. Although generally the determination of numerical sufficiency must be made by the Commissioner, the Court may nevertheless "supply a missing dispositive finding under the rubric of harmless error in the right exceptional circumstance, i.e., where based on the material the administrative law judge did at least consider (just not properly), we could confidently say that no reasonable administrative factfinder, following the correct analysis, could have resolved the factual matter in any other way." *Allen v. Barnhart*, 357 F.3d 1140, 1144 (10th Cir. 2004). In *Stokes v. Astrue*, 274 Fed. Appx. 675, 684 (10th Cir. Apr. 18, 2008), the court concluded that 152,000 jobs in the national economy and 11,000 regionally was a significant number. The Court has no difficulty concluding that 630,000 jobs is a significant number for purposes

of Step 5 of the sequential process.[2] "Here, we do not believe any reasonable factfinder could have determined that suitable jobs did not exist in significant numbers in either the region where [the claimant] lives or several regions of the country." *Id.* Accordingly, the Report and Recommendation is adopted with regard to this issue.

Plaintiff next contends that he cannot perform the jobs of janitor and groundskeeper, because each requires the ability to carry out "detailed" instructions.[3] The administrative law judge gave significant weight to the opinions of the non-examining, non-treating State agency physicians, who opined that Plaintiff has marked difficulties understanding, remembering, and carrying out detailed instructions, and consistent therewith, the administrative law judge's residual functional capacity assessment limited Plaintiff to simple, routine, repetitive tasks. In the Tenth Circuit if a claimant is limited to simple, routine, repetitive tasks, he is not precluded from jobs with level 2 reasoning, which includes both janitor and groundskeeper. *See Stokes v. Astrue*, 274 Fed. Appx. 675, *8 (10th Cir. April 18, 2008).

> Ms. Stokes' second argument is that the ALJ's limitation to simple, repetitive and routine work should be construed as a limitation to jobs with a reasoning-level rating of one. We disagree. All of the jobs considered by the ALJ had a reasoning level of two. In *Hackett v. Barnhart*, we held that a limitation "'for simple and routine work tasks'" was inconsistent with the demands of level-three reasoning but consistent with the demands of level-two reasoning, 395 F.3d 1168, 1176 (10th Cir. 2005), which under the DOT means that a claimant

---

[2] There are a total of 9,100 jobs in Oklahoma for these two positions. In *Raymond v. Astrue*, 621 F.3d 1269, 1274 (10th Cir. 2009), the court held that the "significant number" analysis should focus on the number of jobs in the national economy, not merely the regional economy. "[T]he relevant test is *either* jobs in the regional economy *or* jobs in the national economy." *Id.* at 1274, n. 2.

[3] The actual language is "detailed but uninvolved." Plaintiff also contends the administrative law judge erred because he ignored the opinion of the agency physicians that he was markedly limited with regard to detailed instructions. The Court disagrees with Plaintiff; the administrative law judge adopted this limitation by limiting Plaintiff to simple, routine, repetitive tasks. *See e.g. Snowden v. Berryhill*, 2018 WL 443498, *4 (D.N.M. Jan. 16, 2018).

can "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions [and d]eal with standardized situations with occasional or no variables in or from these situations encountered on the job." *See* 2 DOT, App. C, at 1101.

*Id*; *see also Kerr v. Berryhill*, 2017 WL 3531506, *14 (D.N.M. Aug. 16, 2017); *Parrish v. Berryhill*, 2017 WL 2491526, at *3, 8-9 (D.N.M. Apr. 12, 2017) (unpublished); *Money v. Barnhart*, 91 Fed.Appx. 210, 215, 2004 WL 362291, at * *3 (3d Cir. Feb. 25, 2004) ("Working at reasoning level 2 would not contradict the mandate that [the claimant's] work be simple, routine and repetitive."). The Court finds that Plaintiff is not entitled to relief on his contention that the administrative law judge erred in concluding he could perform work with a reasoning level 2 in light of his residual functional capacity.

Plaintiff next contends that the administrative law judge erred in his consideration of the opinion of his treating physician, Dr. Fiona Li, whose opinion he gave "little" weight, which is tantamount to rejection of her opinion. *Chapo v. Astrue*, 682 F.3d 1285, 1291 (10th Cir. 2012). "According to what has come to be known as the treating physician rule, the Commissioner will generally give more weight to medical opinions from treating sources than those from non-treating sources." *Langley v. Barnhart,* 373 F.3d 1116, 1119 (10th Cir. 2004); see 20 C.F.R. § 404.927(c)(2)9 ("Generally, we give more weight to medical opinions from your treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations."); 20 C.F.R. §

416.927(c)(2) (same). Where the opinions of treating physicians are medically well-supported and not inconsistent with substantial evidence in the record, they must be accorded "controlling weight." 20 C.F.R. § 416.927(c)(2). If the administrative law judge decides to accord less than controlling weight to a treating physician's opinion, he must weigh the opinion using the factors enumerated in 20 C.F.R. § 416.927(c) and also "give good reasons in the notice of ... decision for the weight" assigned to a treating physician's opinion by articulating, with sufficient clarity and specificity to facilitate review, the reasons for the weight assignment. *Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003); see SSR 96-2p, 1996 WL 374188, at *5 ("[T]he notice of the determination or decision must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.") While the administrative law judge is not required to mechanically apply, or expressly discuss, each factor enumerated in 20 C.F.R. § 416.927(c) before rejecting a treating physician's opinion, *Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007), it is error to simply ignore them. *Andersen v. Astrue*, 319 Fed. Appx. 712, 718 (10th Cir. 2009) ("Although the ALJ's decision need not include an explicit discussion of each factor, the record must reflect that the ALJ considered every factor in the weight calculation." (citation omitted)).

The administrative law judge noted Dr. Li's opinion as expressed in a December 10, 2013 letter:

> Preston Northcraft is a patient under my care since 11-17-2008. His

diagnosis is Bipolar Disorder. Mr. Northcraft has had a chronic relapsing course in his Bipolar disorder with symptoms of depression, anxiety, racing thought, labile mood, fair insight and fair to poor impulse control. He has not been able to maintain a steady job over the past 5 years and is totally financially dependent on his parents.

He is unable to maintain steady employment secondary to his labile mood, impulsivity, inability to handle even daily stressors in a healthy manner. He is easily overwhelmed and worries about things. He has periods of mania with increased spending, impulsivity, racing thought and little regard to consequences. He has difficulty adjusting to even slight change in work environment or when faced with stressful situations.

Tr. p. 411. The administrative law judge noted this opinion and a prior letter in the record from Plaintiff's treating physician regarding his inability to work during a certain time period as a result of his bipolar disorder. He assigned both opinions little weight, in part because the opinion relied on the claimant's subjective complaints rather than objective testing. As noted above, little weight is tantamount to rejection of the treating physician's opinion.

In contrast to the weight assigned to the treating physician's opinion, the administrative law judge gave significant weight to the opinions of the non-examining experts who prepared the State Agency DDS reports based upon review of Plaintiff's medical records, finding "[t]hese expert opinions are balanced, objective, and consistent with the evidence of records as a whole." Tr. p. 17. The Court finds the administrative law judge's conclusion with regard to the DDS experts curious, and irreconcilable, given that those experts assigned "great but not controlling weight" to Dr. Li's 2013 letter, which the administrative law judge rejected.[4] The Court finds that the administrative law judge failed

---

[4]  On July 8, 2014, in response to an inquiry from within the office, the examiner, Diane H, PhD, stated, "MSS while

6

to properly apply and explain his application of the treating physician rule, in light of his decision to accord substantial weight to the opinions of non-treating, non-examining physicians while simultaneously rejecting the opinion those doctors assigned great weight. Accordingly, the matter is subject to remand to the Commissioner for reconsideration of the opinions of Plaintiff's treating physician and the opinions of the DDS examiners.

Finally, Plaintiff argues the administrative law judge erred in his consideration of the statements of Plaintiff's mother in the record, including a Third Party Function Report and a note from his parents to his doctor asking for a note regarding how many days Plaintiff was able to work. Plaintiff contends the administrative law judge erred in his treatment of this evidence. The undersigned disagrees. The administrative law judge clearly indicates that he considered the statement of Plaintiff's mother:

> In formulating the above residual functional capacity, I also have considered the lay statements of the claimant's parents at Exhibits 5E and 2F p. 17. While they have been presented with good intention, I must determine the issue of disability based on the credible medical evidence and the degree to which the claimant's subjective complaints are consistent with the objective medical evidence. In this case, the credible evidence establishes the claimant is limited, but it does not establish that he is disabled.

Tr. p. 18.[5] The administrative law judge is not required to make specific credibility findings with regard to third party statements, and it is clear that he considered the statements of Plaintiff's parents in assessing his disability. *Blea v. Barnhart*, 466 F.3d 903, 915 (10th Cir.

---

indicating the severity of his impairment is not consistent with progress notes that show fairly good MSE's with some residual symptoms. So great but not controlling weight is given to the MSS." Tr. p. 430; *see also* Tr. p. 81 (same)

[5] The May 6, 2013 note is not actually an opinion from his parents regarding Plaintiff's abilities. Rather, it asks for a note from Dr. Li for Preston's employer and indicates therein Preston's belief regarding how much he could work. "Preston says he can probably work 2 to 3 shifts a week but no more than 4 to 5 hours a shift until he starts feeling better." Tr. p. 362.

2006). Additionally, although his findings could perhaps have been more explicit, it is apparent to the undersigned that the administrative law judge found the contentions of Plaintiff's parents regarding his disability inconsistent with the medical evidence of record, and as a result, gave them little weight. Nothing in the administrative law judge's treatment of the evidence submitted by third parties warrants reversal or remand to the Commissioner.

For the reasons set forth herein, the Court declines to adopt the Report and Recommendation with regard to the administrative law judge's treatment of the treating physician rule and in all other respects the Report and Recommendation is adopted. This matter is remanded to the Commissioner for further proceedings consistent herewith.

IT IS SO ORDERED this 1st day of March, 2018.


DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE